IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDRICK OWENS JR.,

    Petitioner,               No. CIV S-10-2027 GEB GGH P

    vs.

JAMES YATES,

    Respondents.          FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       Petitioner raises two claims regarding his 1996 conviction: 1) the trial court enhanced petitioner's sentencing using factors not found by a jury in violation of Cunningham v. California, 549 U.S. 270 (2007); and 2) trial counsel was ineffective for failing to object to the use of a 1990 probation report for sentencing.

       Pending before the court is respondent's October 26, 2010 motion to dismiss on the grounds that this action is successive and because it was filed beyond the one-year statute of limitations. After carefully considering the entire record, the court recommends that respondent's motion to dismiss be granted in part.

## II. Background

On June 28, 1996 petitioner was found guilty and sentenced. Lodged Document (Lod. Doc.) 1. Petitioner's direct appeal ended on January 14, 1998, when the California Supreme Court denied review. Lod. Docs. 4, 5.[1] Petitioner filed a state habeas petition in 1999 that was denied by the California Supreme Court. Lod. Docs. 7, 8. Petitioner filed a federal habeas petition in 1998 that was denied without prejudice as unexhausted. Lod. Doc. 19; CIV 98-2330 FCD GGH P.[2] Petitioner filed a second federal habeas petition that was denied on the merits on October 10, 2000. Lod. Docs. 22, 23; CIV 99-2042 EJG GGH P. Petitioner appealed and the Ninth Circuit affirmed the denial on November 13, 2001. Lod. Doc. 24; Court of Appeals Docket 00-17372.

Starting in 2009 petitioner filed five new state habeas petitions in California Courts. Lod. Docs. 9-17. These petitions raised the same claims as in the instant petition and were denied by the state courts.

## III. Motion to Dismiss

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

---

[1] The sentence was modified on direct appeal.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

> establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition. Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order.[3]

Therefore, this successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.[4]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's October 26, 2010, motion to dismiss (Doc. 11), be granted in part, in that this successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

---

[3] Petitioner argues that the decision in Cunningham was not issued until after he filed his original federal petition. However, the undersigned notes that Cunningham did not announce a new rule of constitutional law. See Butler v. Curry, 528 F.3d 624, 633-39 (9th Cir.2008). Thus, Cunningham does not satisfy the first requirement of § 2244(b)(2)(A), that a constitutional rule be newly recognized. See Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir. 2008). Regardless, the successive petition is still an issue for the Ninth Circuit to decide.

[4] The undersigned will not rule on respondent's statute of limitations claim.

1	These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 Dated: 02/24/2011

/s/ Gregory G. Hollows

10 _____
UNITED STATES MAGISTRATE JUDGE

11 ggh: ab
owen2027.mtd